IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:21-CV-419-M

| | | |
|---|---|---|
| BRITTNEY L. WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ASTON CARTER formerly AEROTEK | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion by defendant Aston Carter, formerly Aerotek

Inc., ("defendant") to dismiss [DE-33] the first amended complaint of *pro se* plaintiff Brittney

Woody ("plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Defendant filed a memorandum in support of the motion to dismiss. [DE-34]. Plaintiff responded

in opposition, including supporting materials. [DE-39]. This matter is also before the court on

plaintiff's motion for leave to file a second amended complaint [DE-41]. Defendant filed a

response in opposition thereto [DE-44].

The time for filing responsive briefs has expired and the pending motions are ripe for

adjudication. The motions were referred to the undersigned magistrate judge for a memorandum

and recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, it is

RECOMMENDED that defendant's motion to dismiss [DE-33] be GRANTED IN PART and

DENIED AS MOOT IN PART, and plaintiff's motion for leave to file a second amended

complaint [DE-41] be GRANTED.

## BACKGROUND

On October 14, 2021, plaintiff, proceeding *pro se*, initiated this action by filing an

application to proceed *in forma pauperis* ("IFP application") [DE-1] that included a proposed complaint against the defendants, Aerotek Inc. and Aerotek Holdings, LLC (the "original defendants"), which raised various claims arising out of plaintiff's alleged employment with and termination by original defendants [DE-1-1].   On June 27, 2022, the undersigned issued a deficiency order [DE-4], identifying multiple deficiencies in plaintiff's application, including that there was insufficient address information in the summonses to effect service of process on the original defendants.  On July 11, 2022, plaintiff filed updates to numerous documents in her filing, including the summonses.  [DE-5, -6, -7].   On July 14, 2022, plaintiff's IFP application was granted [DE-8] and plaintiff's complaint was filed with this court [DE-9].  On August 15, 2022, the original defendants filed a motion to dismiss plaintiff's amended complaint [DE-14] pursuant to Rule 12(b)(6) of the FRCP.  On February 15, 2023, the undersigned issued a Memorandum and Recommendation [DE-30], which was subsequently adopted by this court [DE-32], denying in part the original defendants' motion to dismiss and giving plaintiff an opportunity to amend her complaint.  On February 28, 2023, plaintiff filed her first amended complaint.  [DE-31] at 1.

On March 14, 2023, defendant filed the instant motion to dismiss the first amended complaint [DE-33] and memorandum in support thereof [DE-34].  Defendant seeks dismissal of plaintiff's complaint on four grounds: (1) "'Aston Carter, formerly Aerotek, Inc.' is Not a Proper Party and Plaintiff Failed to Properly Serve Aston Carter, Inc." ([DE-34] at 5); (2) "Plaintiff's Amended Complaint Should Be Dismissed Because She Failed to Exhaust Her Administrative Remedies as to Aston Carter, Inc. and Title VII" (*id.* at 6); (3) "The Amended Complaint is Devoid of Facts to Support a Plausible Claim of Discrimination Under Title VII of the Civil Rights Act of 1964" (*id.* at 7); and (4) "The Amended Complaint Fails to Allege Sufficient Facts to Establish a

2

Claim for Discrimination Under the ADA" (*id.* at 8).

Plaintiff then filed a proposed second amended complaint [DE-41-2], ostensibly as a response to defendant's motion to dismiss the first amended complaint. Following a deficiency order, plaintiff filed a corrected motion for leave to file a second amended complaint. [DE-41]. Defendant filed a response in opposition [DE-44].

## APPLICABLE LEGAL STANDARDS

### A.  Insufficient process and service of process under 12(b)(4) and 12(b)(5)

"A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or 'form' of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of 'service' of process." *Torres v. Duke Energy*, No. 5:22-CV-369-D, 2023 WL 2145500, at *2 (E.D.N.C. Feb. 21, 2023) (first citing Fed. R. Civ. P. 12(b)(4), (b)(5); then citing *Lee v. City of Fayetteville*, No. 5:15 CV-638-FL, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016)). In essence, a Rule 12(b)(4) motion to dismiss objects to the "content of the summons", while a Rule 12(b)(5) motion to dismiss objects to "the mode of delivery, the lack of delivery, or the timeliness of delivery." *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). As an example, "a typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint." *Kennedy v. Rowe*, No. 5:23-CV-264-D, 2024 WL 2703016, at *2 (E.D.N.C. May 24, 2024). "A typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (*e.g.*, a party), to a person or entity incapable of receiving service (*e.g.*, a minor), or that the service was delivered in an improper way (*e.g.*, via first-class mail [within the United States])." *Brinson v. Fred Smith Co.*, No. 5:22-CV-197-D, 2023 WL 2614539, at *3 (E.D.N.C. Mar. 23, 2023) (citing

3

*Stokes v. JPMorgan Chase Bank, NA*, No. JFM 8:11-cv-02620, 2012 WL 527600, at *5-6 (D. Md. Feb. 16, 2012)). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013) (citing *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993)). Further, "dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction." *Boykin Anchor Co. v. AT&T Corp.*, No. 5:10-CV-591-FL, 2011 WL 1456388, at *1 (E.D.N.C. Apr. 14, 2011) (quoting *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006)) (declining to address an argument for failure to state a claim under Rule 12(b)(6) when the court first determines that personal jurisdiction is not proper).

Here, defendant contends that plaintiff issued its summons to an improper party, "Aston Carter, formerly Aerotek, Inc." [DE-34] at 5. Accordingly, the undersigned will consider defendant's argument on this point under Rule 12(b)(4), as discussed further below.

## B.    Failure to state a claim under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

4

P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.; see also SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (alteration in original) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015))), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-

81.

**C.     Leave to amend a complaint under Rule 15**

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend "should [be] freely [given] when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)). "[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

## DEFENDANT'S MOTION TO DISMISS

Defendant's motion to dismiss plaintiff's first amended complaint [DE-33] was filed prior to plaintiff filing her motion for leave to file second amended complaint [DE-41]. Plaintiff's motion for leave to file second amended complaint [DE-41] seeks to supersede and amend her original complaint [DE-1-1] and first amended complaint [DE-31]. "[A]ny 'motions directed at the superseded pleading are [generally] to be denied as moot.'" *Adams v. Bailey*, No. 5:23-CV-535-BO, 2024 WL 2326386, at *1 (E.D.N.C. May 22, 2024) (second alteration in original) (quoting *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at * 1 (W.D.N.C. June 21, 2011)). As discussed further below, defendant's motion to dismiss the first amended complaint [DE-33] is moot to the extent that it seeks to dismiss portions of plaintiff's first amended complaint [DE-31] that have

been substantively amended and where any deficiencies have been cured in the proposed second amended complaint [DE-41-2]. *See Costabile v. Fogleman*, No. 7:21-CV-155-BO, 2022 WL 3354768, at *1 (E.D.N.C. Aug. 12, 2022) (denying motion to dismiss an initial complaint as moot in light of superseding amended complaint); *Robbins v. Altopa, Inc.*, No. 5:21-CV-482-BO, 2022 WL 3354767, at *1 (E.D.N.C. Aug. 12, 2022) (same); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (same).

However, certain deficiencies in plaintiff's first amended complaint [DE-31] have not been cured in plaintiff's second amended complaint [DE-41-2]. Specifically, as previously noted by the undersigned [DE-30], the *pro se* fill-in-the-blank employment discrimination complaint form on this court's website is pre-drafted for Title VII claims. *See* United States District Court for the Eastern District of North Carolina, Form Complaint (Employment Discrimination) ¶3 (available at https://www.nced.uscourts.gov/pdfs/forms/proseComplaintPackageEmployDisc.pdf) (last visited August 14, 2024) (template providing that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964."). Plaintiff appears to have used this form to draft her original, first amended, and second amended complaints. *See generally* Compl. [DE-1-1] and [DE-31] and [DE-41-2]. With the exception of the reference to Title VII in this pre-drafted form, the undersigned does not perceive any allegations in support of a Title VII claim in any of plaintiff's complaints. Moreover, in the memorandum and recommendation [DE-30] on the original defendants' motion to dismiss, plaintiff was given an opportunity to amend her claim to state a claim under Title VII if she intended to do so. [DE-30] at 7. As further discussed below, plaintiff's second amended complaint is devoid of any reference to discrimination on the basis of race, color, religion, sex, or national origin, as required by 42 U.S.C. § 2000e–2(a)(1) under Title VII. Claims for

7

discrimination on the basis of disability generally arise under the ADA, not under Title VII. *See* 42 U.S.C.A. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.").

Accordingly, the undersigned RECOMMENDS that defendant's motion to dismiss [DE-33] with respect to any Title VII claims be GRANTED, that any Title VII claims BE DISMISSED, and that defendant's motion to dismiss [DE-33] with respect to all other claims be DENIED AS MOOT, in accordance with the requirements discussed below.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### A.    Background and Claims

#### 1.    Allegations

Plaintiff alleges that she seeks to amend her complaint because she "discovered additional facts and evidence that are relevant to [her] claims in this case." [DE-41] at 1. Plaintiff clarifies that the new evidence she discovered includes "the updated name of the parent company [Aerotek Affiliated Services, Inc.] as well as new information from an interview [she] had with the [defendant's] company and new reasons for not hiring [her] which differ from the initial reasons that [she] was told [when she] was terminated." *Id.* Plaintiff contends that these proposed amendments "merely add more detail to my existing claims and do not introduce any new causes of action." [DE-41] at 2.

As noted by plaintiff, she names "Aerotek Affiliated Service Inc." as the defendant for the first time in her second amended complaint [DE-41]. *See* [DE-41-2] at 1. The factual allegations

8

in plaintiff's second amended complaint [DE-41] appear to be similar to those in her first amended complaint, though with greater detail in some portions. *Cf. generally* [DE-41-2] and [DE-31].

Specifically, plaintiff alleges that she was terminated due to her disabilities, including polycystic ovary syndrome ("PCOS") and ulcerative colitis ("U.C.") or Crohn's disease, anxiety and moderate depression, and that she takes medication for all of her medical issues. [DE-41-2] at 3. Plaintiff claims that when she initially fell ill, she attempted to file for leave under the Family and Medical Leave Act ("FMLA"), but was denied because she had not been employed at her place of work long enough. *Id.* at 5. Plaintiff reports that she consequently filed for accommodations under the Americans with Disabilities Act of 1990, as amended, (the "ADA"). *Id.* She alleges further that after her illness progressed, she attempted to file for FMLA leave on three additional occasions, but was denied each time. *Id.* When she attempted to have her ADA accommodations updated, the updated accommodations were denied. *Id.*

Plaintiff contends that her employer's claim that she was dismissed for performance is unfounded as her "KPI metrics were 99.3%." *Id.* at 6. Furthermore, she argues that the claim that she was dismissed for attendance is incorrect because her absences were covered by the ADA and the attendance policy had been suspended due to COVID-19. *Id.* at 6-7. Plaintiff argues that "[t]he timing of [her] termination coincides with the time when [she] requested reasonable accommodations for [her] disabilities, which suggests that [her] termination was a direct result of [her] disabilities and [her] request for accommodations. *Id.* at 10.

Plaintiff alleges that according to a recruiter, she was "blackballed" after her termination when she applied for a position with her previous employer and did not receive any response or feedback as to why she was not selected. *Id.* at 6. She alleges that she is not being considered for

9

any position with her former company because of "how [she] left the company" and in "retaliation because of [her] legal suit." *Id.*

As exhibits to her second amended complaint, plaintiff includes copies of doctor's appointments and doctor's notes requesting that her absences be excused. [DE-41-1] at 8-21. She also attaches what appears to be a text message from her employer referencing the "temporary suspension of the Attendance Policy" beginning on "March 7" and the associated protocols and expectations. *Id.* at 22-24. Plaintiff also attaches an EEOC mediation confirmation dated January 6, 2020 for the charge "Brittney L. Woods [sic] vs. Aerotek." [DE-41-1] at 25-26.

### 2. Legal Claims

In her second amended complaint, plaintiff states that she is "fil[ing] a legal claim against Aerotek Affiliated services [sic] Inc. for wrongful termination based on discrimination of [her] ADA disabilities." [DE-41-2] at 8. Accordingly, the undersigned construes plaintiff's claim as being brought exclusively under the ADA.

### 3. Relief Requested

Plaintiff seeks backpay and lost wages as relief for the injuries she allegedly suffered. [DE-41-2] at 8. She also seeks "damages for [her] mental health, as well as the damages to [her] credit from losing [her] home and car." *Id.*

## B. Analysis

As noted above, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298 (citing *HCMF Corp.*, 238 F.3d at 276-77). Defendant does not allege in the response in opposition to plaintiff's motion to amend that it was entered in bad faith or would be prejudicial.

*See generally* [DE-44]. In evaluating futility, a court may consider "whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *McCormick v. Graham*, No. 5:22-CT-03020-M, 2023 WL 8190145, at *3 (E.D.N.C. Nov. 27, 2023) (citing *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021)). Therefore, the undersigned will consider plaintiff's claims under this standard.

In defendant's response in opposition to plaintiff's second amended complaint, defendant contends that any potential Title VII claim is futile because plaintiff failed to (1) state a Title VII claim, (2) properly serve Aerotek Affiliated Services, Inc., and (3) exhaust Title VII administrative remedies against Aerotek Affiliated Services, Inc. [DE-44] at 3-5. Further, defendant argues that (4) plaintiff has failed to state an ADA claim. *Id.* at 5.

### 1. Failure to state a Title VII claim

As discussed above, the undersigned has recommended that any Title VII claims be dismissed. Accordingly, defendant's various arguments with respect to Title VII in its response in opposition (*see, e.g.*, [DE-44] at 45) to plaintiff's second amended complaint are now moot and the undersigned will not discuss them further, except as necessary for context.

### 2. ADA Claim

Defendant opposes plaintiff's proposed claims on the grounds that: (1) the correct defendant was improperly served ([DE-44] at 3); (2) plaintiff failed to exhaust her administrative remedies (*id.* at 3-4); and (3) plaintiff fails to establish a claim for discrimination under the ADA (*id.* at 5-7). The undersigned will consider these arguments as they relate to plaintiff's ADA claim.

### a. Improper service

Defendant contends that plaintiff has failed to properly serve Aerotek Affiliated Services,

Inc., pursuant to Federal Rule of Civil Procedure 4. [DE-44] at 3. Rule 4 "governs a federal court's discretion to permit amendments to summonses and extend the time to effectuate proper service of process." *May v. Martin Fein Int. Ltd.*, No. 5:21-CV-00083-M, 2022 WL 1597820, at *7 (E.D.N.C. May 19, 2022). According to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019). "[T]o establish good cause, Plaintiff must show that [she] acted in good faith and demonstrate some form of due diligence in attempting service." *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). However, "[w]hat constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" *Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir 2016)).

Here, this *pro se* plaintiff attempted to properly serve whom she believed to be the correct defendants within the 90-day period. *See* [DE-1-4] (original proposed summons); [DE-6] (amended proposed summons). As discussed further below, plaintiff had a reasonable misunderstanding of her employer's corporate structure, and it appears that she attempted service in good faith. *See* [DE-24] at 8 ("The names that I provided on the [summons] are the names listed on the paystubs and the W2 for employment purposes."). While the undersigned recognizes that

plaintiff did not name the correct defendant entity until her second amended complaint, he also notes that *pro se* litigants have an "untutored hand requiring special judicial solicitude" and that *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties." *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1277–78 (4th Cir. 1985).

In light of the foregoing, the undersigned RECOMMENDS that plaintiff be granted leave to amend the summons with respect to the proper defendant, as described below. *See* Fed. R. Civ. P. 4(a)(2) ("The court may permit a summons to be amended."). However, it is further RECOMMENDED that if plaintiff fails to file a proposed amended summons within 14 days from the date of entry of the court's order, that the clerk of court be ordered to DISMISS plaintiff's complaint WITH PREJUDICE.

      **b.**    **Failure to exhaust administrative remedies against Aerotek Affiliated Services, Inc.**

Defendant also argues that plaintiff has failed to exhaust her administrative remedies because she did not file a charge with the EEOC against the correct defendant, Aerotek Affiliated Services Inc. [DE-44] at 4. While defendant addresses plaintiff's failure to exhaust administrative remedies primarily in the context a Title VII claim, the undersigned will also consider the exhaustion analysis for plaintiff's ADA claim. *See Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964 . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court.")

In Title VII and ADA cases, "a civil action may be brought after administrative proceedings have ended or conciliation attempts have failed only 'against the respondent named

in the [administrative] charge.'" *Alvarado v. Board of Trs. Of Montgomery Cmty. Coll.*, 848 F.2d 457, 458-59 (4th Cir. 1988) (alteration in original). "Courts in the Fourth Circuit, however, have recognized the 'substantial identity' exception that limits this general rule where 'the defendant through some relationship with the named respondent had notice of the charges and participated in the conciliation process.'" *Evans v. Capitol Broad. Co., Inc.*, No. 5:23-CV-288-D, 2024 WL 535189, at *5 (E.D.N.C. Feb. 9, 2024) (quoting *E.E.O.C. v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 n. 5 (4th Cir. 1981)); *Alexander v. Diversified Ace Servs. II, AJV*, No. 1:11CV725, 2014 WL 502496, at *8 (M.D.N.C. Feb. 7, 2014); *Chastang v. Flynn & Emrich Co.*, 365 F. Supp. 957, 964 (D. Md. 1973); *see also Alvarado*, 848 F.2d at 460 ("EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.") (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975)). Accordingly, "[w]here there is a substantial identity between [defendants who are] named and unnamed[, respectively, in the EEOC charge] . . . , it is appropriate to permit a claim against an unnamed party to go forward." *Lima v. Stanley*, No. 5:14-CV-896-FL, 2015 WL 4769546, at *5 (E.D.N.C. Aug. 12, 2015). While "[t]he Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception . . . [it] was quoted with approval by this court in dictum." *Alvarado*, 848 F.2d at 461.

District courts in this circuit have defined substantial identification using the following factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed

14

party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Mayes v. Moore*, 419 F. Supp. 2d 775, 783 (M.D.N.C. 2006) (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)).

The first factor considers whether the role of the unnamed party could be ascertained by the plaintiff through reasonable effort. Here, plaintiff alleged that "[t]he names that [she] provided on the complaint are the names listed on the paystubs and the W2 for employment purposes." [DE-24] at 8. Further, plaintiff did not hold a high-level position at the company and "had no prior knowledge of the corporate structure of the Defendants." *Equal Emp. Opportunity Comm'n v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 605 (M.D.N.C. 2020). Accordingly, "the court cannot say that [plaintiff] should have known, through reasonable effort," that Aerotek Affiliated Services Inc. was her employer. *Id.*

The second factor considers whether the interests of the named and unnamed parties are similar such that it is unnecessary to include the unnamed party in the EEOC complaint. As just noted, plaintiff alleged that "[t]he names that [she] provided on the complaint are the names listed on the paystubs and the W2 for employment purposes." [DE-24] at 8. Accordingly, the interests between the original defendants and Aerotek Affiliated Services Inc. appear to be sufficiently close for the employees of one to be paid in the name of the others.

Additionally, a comparison of the annual reports of (i) Aerotek Services, LLC, (ii) Aerotek, Inc., and (iii) Aerotek Affiliated Services Inc. on the North Carolina Secretary of State's public website produces numerous similarities.[1] These three entities share common principal street

---

[1] Courts may take judicial notice of information posted on government websites. *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."); *Straw v. North Carolina*, No. 7:18-CV-00074-M, 2020 WL

addresses, mailing addresses, and registered agent mailing addresses. *See* Limited Liability Company Annual Report for Aerotek Services, LLC (SOSID 2659255) (filed April 11, 2024), available at https://www.sosnc.gov/online_services/business_registration/flow_annual_report/21103321; Business Corporation Annual Report for Aerotek Affiliated Services, Inc. (SOSID 0375554) (filed April, 11, 2024), available at https://www.sosnc.gov/online_services/business_registration/flow_annual_report/4869165; Business Corporation Annual Report for Aerotek, Inc. (SOSID 2308545) (filed April 11, 2024), available at https://www.sosnc.gov/online_services/business_registration/flow_annual_report/18305742. The entities share the same principal phone number, as well. *Id.* Additionally, the same counsel appears to be representing the interests of both parties in the instant matter. *See* [DE-44] at 3-4 (making legal arguments in defense of Aerotek Affiliated Services, Inc.). Therefore, the court finds that the second factor weighs in plaintiff's favor. *See 1618 Concepts, Inc.*, 432 F. Supp. 3d at 605 (holding that the second factor was met when the named and unnamed parties shared common management, email accounts, and a main office location).

The third factor considers actual prejudice to the unnamed party. Here, plaintiff did not include any detailed information about her EEOC proceedings, but did attach her Right to Sue notice to her original complaint. [DE-1-2]. "Because the EEOC did not find against [defendant] as a result of its investigation, this court reasonably infers that there was not 'actual prejudice' against them." *Bockman v. T & B Concepts of Carrboro, LLC*, No. 1:19CV622, 2020 WL 5821169, at *9 (M.D.N.C. Sept. 30, 2020). Additionally, defendant identified Aerotek Affiliated Services, Inc. as the appropriate defendant in its initial motion to dismiss ([DE-15] at 8), which

---

1042141, at *7 (E.D.N.C. Mar. 3, 2020) ("[C]ourts may properly take judicial notice of information on state and federal government websites and frequently do."), *aff'd*, 813 F. App'x 106 (4th Cir. 2020).

strongly suggests that this entity had notice of the proceedings at a very early stage if not at the inception of the current proceedings. Accordingly, the undersigned finds that the third factor weighs in plaintiff's favor.

Finally, the fourth factor considers whether the unnamed party represented to a plaintiff that its relationship with such plaintiff is to be through the named party. Here, the court has little information as to the representations made by Aerotek Affiliated Services, Inc. However, as noted above, plaintiff's pay stubs and W2 allegedly named the original defendants, not Aerotek Affiliated Services Inc. [DE-24] at 8. Therefore, the fourth factor weighs in favor of plaintiff.

Accordingly, viewed in the light most favorable to the plaintiff, the undersigned finds that Aerotek Inc. (*cf.* [DE-9-1]; [41-1] at 28) and Aerotek Affiliated Services Inc. are "substantially identical" for purposes of the present inquiry and RECOMMENDS that the court allow plaintiff's ADA claim, as amended, to PROCEED.

### c. Failure to state an ADA claim

Defendant next argues that plaintiff's "proposed factual allegations are insufficient to satisfy the elements of a cause of action for wrongful discharge under the ADA." [DE-44] at 5. The ADA states that, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112(a). The Fourth Circuit has previously held that:

> To establish a claim for disability discrimination under the ADA, a plaintiff must prove "(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability." *EEOC v. Stowe–Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir.2000).

17

*Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (alteration in original).

"The Supreme Court has indicated that 'an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss' because '[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement.'" *Walton v. N. Carolina Dep't of Health & Hum. Servs.*, No. 5:17-CV-00085-BR, 2017 WL 4080459, at *2 (E.D.N.C. Sept. 14, 2017) (alterations in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 508 (2002)), *aff'd sub nom. Walton v. NC Dep't of Health & Hum. Servs.*, 765 F. App'x 1 (4th Cir. 2019). However, the Fourth Circuit has emphasized that there is still a requirement that the plaintiff allege "facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Coleman v. Md. Ct of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that *Swierkiewicz* does not nullify the heightened pleading requirements of *Twombly* and *Iqbal* and plaintiff's allegations must raise the plaintiff's "right to relief above the speculative level"). Additionally, "the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." *See* Pub. L. No. 110–325 § 2(b)(5), 122 Stat. 3553, 3554 (2008).

In her second amended complaint, plaintiff clearly alleges that she has multiple disabilities, including PCOS and U.C. or Crohn's disease, anxiety and moderate depression. [DE-41-2] at 3. Accordingly, plaintiff alleged that she has at least one disability.[2]

Although her employment was allegedly terminated due to attendance and performance issues, plaintiff contends that her "ADA request included eight additional bathroom breaks and two doctors' appointments per month for [her] PCOS and the medication required for that

---

[2] The undersigned makes no findings on whether anxiety or moderate depression, as alleged here, standing alone or together would be sufficient to support an ADA claim.

18

disability," and was later modified to accommodate longer breaks. *Id.* at 9. Further, plaintiff alleges that her employer's attendance policy was suspended in light of COVID-19. *Id.* at 7; *see also* [DE-41-1] at 22-24 (attachment of text message temporarily suspending attendance policy). Finally, she alleges that her performance metrics were "99.3%." *Id.* at 6. Accordingly, under the generous standard afforded to plaintiffs at the Rule 12(b)(6) stage, plaintiff has alleged that she was a "qualified individual" for the employment in question.

Finally, plaintiff has expressly alleged that her disabilities led to her termination. *See* [DE-41-2] at 10 (plaintiff alleging that "[t]he timing of [her] termination coincides with the time when [she] requested reasonable accommodations for [her] disabilities, which suggests that [her] termination was a direct result of [her] disabilities and [her] request for accommodations. *Id.* at 10. While plaintiff's second amended complaint leaves certain details wanting, the court can clearly discern a narrative that plaintiff was allegedly discharged due to her disability.

Accordingly, the undersigned RECOMMENDS that plaintiff's ADA claim, as alleged in her second amended complaint be ALLOWED to PROCEED.[3]

## **CONCLUSION**

For the reasons stated above, it is RECOMMENDED that the court enter an order providing as follows:

1.    Defendant's motion to dismiss [DE-33] is GRANTED IN PART and DENIED AS

MOOT IN PART, specifically:

a.    Defendant's motion is GRANTED with respect to any claims under Title
VII and any such claims are DISMISSED.

b.    Defendant's motion is DENIED AS MOOT with respect to plaintiff's

---

[3] For the avoidance of doubt, the undersigned makes no findings herein on the ultimate merits of plaintiff's ADA claim, only that it is sufficient to survive a Rule 12(b)(6) futility standard.

remaining claims in accordance with the requirements discussed below.

2.     Plaintiff's motion for leave to file a second amended complaint [DE-41] is GRANTED. Specifically, plaintiff's ADA claim may proceed subject to the following procedural requirements:

    a.     Plaintiff is granted leave to file an amended summons for the proper defendant.

    b.     Plaintiff shall have 14 days from the date of entry of the court's order in which to file a proposed amended summons.

    c.     If plaintiff fails to file an amended summons within 14 days from the date of entry of the court's order, the clerk of court is ordered to DISMISS the complaint WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to follow a court order.

    d.     Upon submission of the proposed amended summons, if properly completed, the Clerk shall issue the summons prepared by plaintiff. The U.S. Marshal is DIRECTED to serve the defendant named therein by delivering the summons to the addressee listed in the summons along with a copy of both the complaint [DE-9], the first amended complaint [DE-31] and the second amended complaint [DE-41-2], pursuant to Fed. R. Civ. P. 4.

    c     If the proper defendant is served, then within 14 days from the date of such service, the parties shall confer regarding further scheduling and discovery matters, and shall file a joint status report, or revised Rule 26(f) report, advising the court of the parties' position(s) with regard to the same.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **September 2, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence;

or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by **the earlier of 14 days from the filing of the objections or September 9, 2024**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 19th day of August, 2024.

Brian S. Meyers
United States Magistrate Judge

21